**MORRIS, Sr., Plaintiff-Appellant, v. C. E. MORRIS COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4508. Decided February 19, 1951.

Williams, Reynolds, Murray & Deeg, Columbus, for appellant.

Vorys, Sater, Seymour & Pease, Columbus, for appellee.

## OPINION

By HORNBECK, PJ.

The appeal is on questions of law from a judgment of the Common Pleas Court in favor of the defendant dismissing plaintiff's petition.

Nine errors are assigned which may be encompassed under three headings: The judgment was contrary to law, not supported by and against the weight of the evidence and error by the Court in the admission of evidence on behalf of the defendant.

The action was for damages for breach of contract and plaintiff prayed damages in the sum of $18,937.50. The issue joined between the parties required construction of a written contract. The contract for construction was dated August 2, 1946, and was supplemental to the principal contract in which agreement Lloyd E. Morris sold to W. Frank Morris shares of the C. E. Morris Company representative of one-half of the outstanding stock of said corporation for consideration of $115,000.00. The supplemental agreement which is immediately under consideration on this appeal provided:

"By way of supplement to the Agreement between W. Frank Morris, The C. E. Morris Company and Lloyd E. Morris respecting the purchase of the stock of Lloyd E. Morris: It is agreed that if, within five (5) years following the transfer of said stock to the company by Lloyd E. Morris, the Pennsylvania Railroad should buy any tract of property from the C. E. Morris Company for extending the right of way of the Railroad, and The C. E. Morris Company should receive from said purchase a sum in excess of Ten Thousand Dollars ($10,000.00) after deducting the capital gains tax resulting from said purchase, then it is agreed that the company, in addition to the payment stipulated in the contract which is hereby supplemented, will pay Lloyd E. Morris fifty per cent (50%) of the amount by which said purchase payment less the capital gains tax * * *."

The cause was submitted to a judge, a jury having been waived. Both parties contended in the trial court, and contend here, that the supplemental agreement is not ambiguous and the trial judge, in a written opinion, so held.

The C. E. Morris Company owned and operated a plant and offices at the northeast corner of Jefferson and Curtis

Avenues in the eastern section of Columbus. The north end of the land upon which the plant was located adjoined the right of way of the Pennsylvania Railway Company. Some 25 to 30 years ago there had been some negotiations between the Railway Company and the Morris Company relative to the acquisition by the Railway Company of a strip of land about 100 feet wide for the use of the Railway Company for a right of way. These negotiations were abandoned. It is agreed that some consideration was given at the time of the negotiations to the amount of money which the Morris Company would require to be paid to it if the Railway Company purchased the land which it desired. The plaintiff testifies that the amount which was to be demanded from the Railway Company was $50,000.00. Frank Morris denies that any sum was fixed. In 1946 plaintiff and Frank Morris each owned 50% of the capital stock of the corporation. Plaintiff had proposed to Frank Morris that he would either buy or sell for $125,000.00. Frank Morris elected to sell and at that time there was some conversation relative to an adjustment over and above the $125,000.00 sale price, if, in the future, the Railway Company should buy the land which it desired. Before the agreement whereby the plaintiff was to buy, he changed his mind and offered to sell his holdings for $115,000.00, which offer was accepted by Frank Morris. After the price had been agreed, plaintiff suggested that in the event of a sale of a strip of land to the Pennsylvania Railway Company he should, under certain conditions, share in the proceeds. It was finally determined that the agreement between the parties as to this matter should be carried into a supplemental agreement. Thereupon the parties with their attorneys met and counsel for plaintiff dictated the subject matter of the agreement which we have heretofore set forth.

In 1948, the Railway Company consummated an agreement with the Morris Company by the terms of which it acquired a tract of land from the Morris Company, the consideration for which, as recited in the deed, was $7,875.00. At the same time the Railway Company deeded to the Morris Company a strip of land alongside the plant of the Morris Company, the consideration for which was stated in the deed at $7,875.00. In other words, the companies traded tracts of land evenly. In addition to the land received by the Morris Company in trade the Railway Company paid to it the sum of $40,000.00 for which it took the receipt of the Morris Company in full of all claims which said latter company should have against it for damages because of changes required to be made by the Morris Company in its plant by reason of the taking of

the parcel of land which it had deeded to the Railway Company.

The claim of the plaintiff is based upon the language of the contract by the terms of which he asserts that he is entitled to one-half of the total amount, $47,875.00, paid by the Railway Company to the Morris Company, less $10,000.00. It is the contention of the defendant that the plaintiff is entitled to nothing because the purchase price of the real estate sold by the Morris Company to the Railway Company was not in exless of $10,000.00. In the trial Court, as here, both parties insist that their rights may be determined from the language of the contract and that it is not ambiguous. The trial judge likewise held that it was not ambiguous and that it should be construed as contended by the defendant.

There is no claim of fraud in this case, nor, is it urged that the consideration recited in the deed from the Morris Company is not representative of an adequate price for the land conveyed. There is further evidence in the record that the price paid was a fair and reasonable value of the land deeded. We consider the agreement upon the concession by both parties that it is not ambiguous in its terms and, therefore, must be construed upon the language as used by the parties in setting out their contract.

It is asserted properly that as the contract was prepared by counsel for plaintiff it must be construed more favorably to the other party thereto. We see no necessity of resorting to this rule. The contract is intended to assure to the plaintiff a share of the purchase price of a piece of land, i. e., "tract of property," in the event that it is sold to the Railway Company at a price in excess of the sum fixed in the contract. Inasmuch as there was no capital gains tax the contract provides that if the Railway should purchase any tract of property from the corporation for the purpose of extending the right of way of the Railway, if the purchase price exceeded $10,000.00, Lloyd Morris was to share to the extent of 50% of the excess. The determinative question here is what is meant by the purchase price. Did it include all that was received by the Morris Company from the Railway Company or did it include only that which it received in payment for the land deeded to the Railway Company?

Manifestly, this supplemental agreement was prepared to define and protect the rights of the parties, if, and when, a sale of certain property was made. The subject matter of the sale is "any tract of property" owned by the Morris Company "for the purpose of extending the right of way of the railroad." The seller is "the corporation," The Morris Company, the buyer is the "Pennsylvania Railroad," the pur-

chase price, above which plaintiff was to share was $10,000.00 "less capital gains tax." The only subject to be sold, as stated in the contract, was a tract of land for right of way for the railroad. A tract of land for right of way purposes was the only property sold to the railroad company. The consideration for the sale as defined in the contract was the amount received by the corporation from the railroad company for the tract defined, viz., the right of way. The purchase price, as defined, for the tract, as described, was the equivalent of $7,875.00 in money, less than $10,000.00. The railway acquired no tangible property, real or personal, for the $40,000.00 which it paid to the Morris Company, nor, could there have been any computation, within reason, that would have allocated any part of the $40,000.00 to purchase price of the land which it received by deed. The parties to the contract were familiar with the fact that there had been a survey by the Morris Company to fix the money return that it would expect from the railroad company if it dealt with it in its plan to buy the right of way either agreeably or by condemnation. They must have known that no figure approximating $40,000.00 could be representative of the value of the right of way to be acquired. Had the contract contemplated a division of this money it could have been expressed by the insertion of a few appropriate words in the agreement. Upon the language chosen by counsel for the plaintiff no such division was contemplated.

Counsel have capably argued their respective contentions upon other propositions of law and fact in their briefs, including a supplemental brief of plaintiff, but it would serve no good purpose to discuss them at length in this opinion. Some of them would be applicable if the agreement was not so clear and specific in its terms.

It may be that we have oversimplified this supplemental agreement, but, as we view it, it is not involved and presents no particular difficulty in interpretation.

As to the other errors assigned we find them not well taken. They relate to the admission of testimony which it is claimed was incompetent and prejudicial. We believe the testimony was competent as bearing on the transaction involved in the supplemental agreement and particularly on the issue whether the $40,000.00 was a part of the purchase price paid by the Railway Company as defined in the contract. If any of this testimony could be found to be inadmissible its admission could not have affected the judgment reached in the trial court.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.